James FARMER, Plaintiff,

v.

MOUNT VERNON REALTY, INC., et al., Defendants.

Thomas H. FOX, et al., Plaintiffs,

v.

BEGG, INC., et al., Defendants.

Edwin I. PESKOWITZ, Plaintiff,

v.

MOUNT VERNON REALTY, INC., et al., Defendants.

Nadine L. ROBINSON, et al., Plaintiffs,

v.

MOUNT VERNON REALTY, INC., et al., Defendants.

Henry C. WILLIAMS, Plaintiff,

v.

MOUNT VERNON REALTY, INC., et al., Defendants.

Civ. A. Nos. 86–0931, 87–1001 and 87–1285.

United States District Court, District of Columbia.

Sept. 18, 1989.

Charles C. Parsons, Reback & Parsons, Washington, D.C., for plaintiffs.

Carol T. Stone, Jordan Coyne Savits & Lopata, Washington, D.C., Joseph P. Dyer, Jr., Siciliano, Ellis, Dyer & Boccarosse, Fairfax, Va., Joseph M. Cahill, Cooter & Gell, John H. Spellman, Hopkins, Sutter, Hamel & Park, Washington, D.C., Richard A. Cooter, Cooter & Van Beek, Alexandria, Va., William John Hickey, Mason & Montedonico, Rockville, Md., for defendants.

## MEMORANDUM AND ORDER

REVERCOMB, District Judge.

These related cases each involve claims that the defendants, various real estate professionals and lawyers, defrauded, were negligent, or breached their fiduciary duties with regard to the plaintiffs in the sale of the plaintiffs' properties. Another of the related cases has already been tried and is on appeal. *See Ago v. Begg, Inc.,* 705 F.Supp. 613 (D.D.C.1988) (memorandum on post-trial motions). In the time since judgment was entered in the *Ago* case, the Court has heard argument on a number of motions, many with nearly identical issues, in these cases. In this memorandum, the Court rules on many of the motions. First, the Court denies the motions for summary judgment based on the statute of limitations in *Williams, Farmer, Robinson,* and *Peskowitz,* but grants the motion in *Fox.* Second, the Court grants the motion to dismiss the conspiracy to defraud claims. Third, the Court grants the motion to dismiss the third-party complaint in *Williams.* Fourth, the Court grants the motion of Cooter, Gell, & Cahill for summary judgment in *Robinson.* Fifth, the Court reserves its rulings on the motions regarding the RICO, fraud, and punitive damage claims, pending the appeal in *Ago.* Finally, the Court denies the motions for sanctions and costs.

### I. The Statute of Limitations Motions

■ In *Williams, Farmer, Robinson,* and *Peskowitz,* the defendants contend that the plaintiffs' claims are barred by the statute of limitations because their causes of action accrued more than three years before the complaints were filed. *See* D.C. Code Ann. § 12–301 (three-year statute of limitations for fraud, breach of fiduciary duty, and other claims).

The Court disagrees that the claims are barred in these cases, noting that in the District of Columbia a cause of action does not accrue until the time when both (1) the plaintiff at least "should have known" of the defendants' actions *and* the (2) the plaintiff has suffered actual injury. *See Wilson v. Johns–Manville Sales Corp.,* 684 F.2d 111, 119 (D.C.Cir.1982) (cause of action does not accrue until health injury actually becomes manifest or is "reasonably certain," despite the fact that the plaintiff knew of the negligence of the defendant before the injury became manifest). In the cases at bar, the alleged injury was speculative and did not become concrete and until the properties were foreclosed. Accordingly, the Court DENIES the defendants' motions for summary judgment based on the statute of limitations in *Williams, Farmer, Robinson,* and *Peskowitz.*

■ In *Fox,* however, the property was foreclosed more than three years before the suit was filed. The plaintiff argues that because the plaintiffs in *Fox* repurchased their house at foreclosure and later re-sold it, their cause of action did not accrue until the plaintiffs re-sold the property. Under such a theory, the plaintiffs could have delayed the accrual of their cause of action indefinitely by not selling their house. Although the question concerning what the plaintiffs do after foreclosure may have some relevance to whether the plaintiffs properly mitigated their damages, the Court believes that the plaintiff's claim accrued no later than the foreclosure date. Accordingly, the Court GRANTS the defendants' motion for summary judgment on all the common law claims in *Fox* based on the statute of limitations.

### II. Motion to Dismiss the Claims of Conspiracy to Defraud

■ Various defendants in these cases have moved to dismiss the claims of "conspiracy" against them. The Court

GRANTS the motion, noting that there is no such independent tort of conspiracy under District of Columbia law. *Halberstam v. Welch,* 705 F.2d 472, 479 (D.C.Cir.1983).

### III. Ruttenberg, Slocum & Phelps' Motion to Dismiss Third–Party Complaint

In *Williams,* defendant Ruttenberg, Phelps, Slocum, Boddie, Moffitt and Hughes ("Ruttenberg") has moved to dismiss the third party complaint against it by certain defendants. Ruttenberg, which was a co-defendant, has settled its case with the plaintiff; a settling co-defendant may not be liable for contribution to the other defendants. *Martello v. Hawley,* 300 F.2d 721, 724 (D.C.Cir.1962).

The defendants/third-party plaintiffs, however, note correctly that the issue whether liability is established against Ruttenberg may determine how much the other defendants would have to pay the plaintiffs if they also were found to be liable. *See Snowden v. D.C. Transit System, Inc.,* 454 F.2d 1047 (D.C.Cir.1971). The Court concludes that the question whether liability is established against Ruttenberg may be decided by the Court without the necessity of bringing Ruttenberg, a settling party, back into the case. To permit nonsettling defendants to bring settling defendants back into the case would seriously undermine the incentive of parties to settle their claims. Accordingly, the Court GRANTS Ruttenberg's motion to dismiss the third-party complaint.

### IV. Cooter, Gell & Cahill's Motion for Summary Judgment

In *Robinson,* defendant Cooter, Gell & Cahill ("Cooter")—a law firm—moves for summary judgment in favor of them on the claim of professional negligence for failing to pursue some of the Robinsons' potential legal remedies. The question is whether there was an attorney-client relationship established between Cooter and Mrs. Robinson.

The plaintiffs maintain that when Mrs. Robinson went to Cooter's office on March 1, 1983 with a lawyer to discuss a matter related to this litigation, an unidentified Cooter lawyer talked to her and told her that Cooter would represent her in her own case. It is clear that there was no written record of any further arrangement between Mrs. Robinson and Cooter, that Mrs. Robinson never contacted Cooter again, and that Cooter never called Mrs. Robinson.

The plaintiff appears to be incorrect in arguing that Cooter represented Mrs. Robinson in a bankruptcy proceeding after the discussion on March 1, 1983. The papers show that Cooter listed her in a bankruptcy petition on February 16, 1983, after receiving permission from her counsel.

Accepting for purposes of this motion the plaintiffs' version of the March 1 discussion, the Court concludes that such an informal conversation, without any additional contact between the two parties, cannot establish an attorney-client relationship between Cooter and Robinson and cannot make Cooter responsible for the failure to pursue certain legal claims within the required time. At best, the conversation between Mrs. Robinson, who went to the Cooter office with a lawyer, and the Cooter attorney was a preliminary step to the establishment of an attorney-client relationship. *See Edmund J. Flynn Co. v. La-Vay,* 431 A.2d 543, 547 (D.C.1981) (preliminary agreement, without establishment of additional terms or follow-up by either side, is insufficient to establish agency relationship). On the facts as presented by the plaintiff, the Court would not allow this question to be presented to the jury. Accordingly, the Court GRANTS Cooter's motion for summary judgment.

### V. Motions on the RICO, Fraud, and Punitive Damage Claims

Various defendants have moved for summary judgment on the RICO, fraud, and punitive damages claims in *Williams, Farmer, Robinson, Peskowitz,* and *Fox.* Because the Court's rulings on these issues in *Ago* have been appealed and because the parties have agreed not to go to trial in any of the remaining cases until the appeal is resolved, the Court reserves its rulings on the defendants' motions for summary judgment on the RICO, fraud, and punitive

damage claims until after the decision of the U.S. Court of Appeals in *Ago.*

Finally, because the Court concludes that the discovery delays in these cases were not the result of bad faith and did not prejudice the defendants, the Court DE-NIES the defendants' motions for sanctions and costs in *Robinson* and *Williams.*