**RESOLUTION TRUST CORPORATION, as Conservator for Valley Savings, a Federal Savings and Loan Association, Plaintiff,**

v.

**INTERSTATE FEDERAL CORPORATION, Defendant.**

**Civ. A. No. 90–2143–0.**

United States District Court, D. Kansas.

April 22, 1991.

---

Mark W. McGrory, Traci N. Jones, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., for plaintiff.

Dean Carlton, The Carlton Firm, Dallas, Tex., J. Neal Sawyer, Jr., Kansas City, Mo., for defendant.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion for partial summary judgment on Count IV of the Complaint. In Count

IV, plaintiff Resolution Trust Corporation (RTC), as conservator for Valley Savings (Valley), a Federal Savings and Loan Association, seeks recovery from Interstate Federal Corporation (IFC), parent company of Valley, for amounts IFC received from Valley in the form of a cash dividend. The RTC contends that summary judgment is warranted because payment of the cash dividend violated federal banking regulations. For the following reasons, the court grants plaintiff's motion.

*Facts*

The following facts are undisputed: Prior to November 8, 1990, Valley was a federally chartered and insured savings and loan association authorized to do business in the state of Kansas, with its principal place of business located at Hutchinson, Kansas. On September 2, 1988, the Federal Home Loan Bank Board (FHLBB) found that Valley was insolvent and appointed an individual conservator. By order dated February 28, 1989, the FHLBB replaced the individual conservator and approved the Federal Savings and Loan Insurance Corporation (FSLIC) as sole conservator for Valley.

Subsequently, on September 6, 1989, the Office of Thrift Supervision (OTC) appointed the RTC as conservator for Valley and, on November 8, 1990, the OTC replaced the conservator and appointed the RTC to be receiver for Valley. In accordance with provisions of Title V of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, 103 Stat. 183 (1989), the RTC, as receiver, became the successor-in-interest to the rights, titles, powers, privileges, assets and liabilities of Valley and, therefore, is the real party in interest in this action. FIRREA § 212(a) and 501(a).

Defendant IFC is a Texas corporation with its principal place of business in Texas. On or about July 11, 1985, IFC acquired a controlling interest of 90 percent

in Valley and became the parent corporation or bank holding company of the subsidiary insured institution, Valley. After IFC acquired Valley, at least four individuals held positions as officers and/or directors of both institutions.[1] On or about January 14, 1986, Valley paid IFC a cash dividend in the amount of $304,472.00.

12 C.F.R. § 584.5 (1986), in effect at the time the dividend was declared, required that a subsidiary insured institution give the FSLIC thirty days advance notice of the proposed declaration of any dividend on its guaranty, permanent or other non-withdrawable stock. This regulation further provided that if the 30–day advance notice was not given by the subsidiary insured institution to the FSLIC prior to the declaration of such a dividend, the dividend declared would be invalid and would confer neither rights nor benefits upon the holder. It is undisputed that Valley failed to give notice to the FSLIC within thirty days prior to the declaration of the dividend.

*Standards*

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for

1. The following individuals were at one time officers and directors of IFC: Daniel Zimmerman, President and Director; Joe B. Abbey, Chairman of the Board and Registered Agent; Judy Prieto, Secretary and Director; and Tom Riddle, Treasurer and Director. The same individuals were at one time officers and/or directors of Valley: Daniel Zimmerman, Vice President, Treasurer and Director; Joe B. Abbey, Secretary and Director; Tom Riddle, President, Chief Executive Officer and Director; and Judy Prieto, Secretary–Treasurer and Director.

summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

*Discussion*

12 C.F.R. § 584.5 provides as follows:

No subsidiary insured institution of a savings and loan holding company may declare any dividend on its guaranty, permanent, or other non-withdrawable stock without first giving to the Corporation not less than 30 days' advance notice of the proposed declaration by its directors of any such dividend.... The 30 day notice period begins to run from the date of receipt of such notice by the Supervisory Agent, who will promptly acknowledge such receipt in writing. Any such dividend declared within the 30 day notice period, or declared without first giving the notice required hereunder, is invalid and confers no rights or benefits upon any holder of such stock.

In addition, § 584.10(b) requires that

notice shall be filed by a subsidiary insured institution for the purpose of giving the Corporation [FSLIC] advance notice of the proposed declaration of any dividend on its guaranty, permanent, or other nonwithdrawable stock.

12 C.F.R. § 584.10(b) (1986).

The RTC contends that, based on the failure of Valley to comply with 12 C.F.R. §§ 584.5 and 584.10(b), the dividend of $307,472.00 is void and subject to recovery from IFC. While not disputing Valley's failure to comply with federal regulations, IFC argues principally that the action is barred by the statute of limitations. We disagree.

The governing statute of limitations for actions brought pursuant to the Financial Institutions, Reform, Recovery and Enforcement Act of 1989 by a conservator or receiver is that provided by 12 U.S.C. § 1821(d)(14) as follows:

(A) Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—

(i) in the case of any contract claim, the longer of—

(I) the 6–year period beginning on the date the claim accrues; or

(II) the period applicable under State law; and

(ii) in the case of any tort claim, the longer of—

(I) the 3–year period beginning on the date the claim accrues; or

(II) the period applicable under State law.

(B) Determination of the date on which a claim accrues. For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of—

(i) the date of the appointment of the Corporation as conservator or receiver; or

(ii) the date on which the cause of action accrues.

12 U.S.C. § 1821(d)(14), as amended by FIRREA § 212(d)(14).

Here, both parties agree that, pursuant to the accrual provision quoted above, the federal cause of action in Count IV accrued on February 28, 1989, the date the FSLIC was appointed as Conservator. The court agrees with IFC that, before that date, the claim was governed by K.S.A. 60–512, which provides a three-year limitations period for actions based upon a liability created by statute.[2] On this basis, IFC argues that, since the dividend at issue was

---

**2.** K.S.A. 60–512 provides: The following actions shall be brought within three (3) years: ... (2) An action upon a liability created by statute other than a penalty or forfeiture.

paid on January 14, 1986, the cause of action expired under state law on January 14, 1989, or prior to the appointment of the FSLIC as Conservator, and could not be revived by transfer to a federal agency. While agreeing that the federal agency takes assignment of claims subject to the applicable state statute of limitations and any "pre-existing infirmity," *see Federal Deposit Ins. Corp. v. Hinkson*, 848 F.2d 432 (3rd Cir.1988); *FDIC v. Former Officers and Directors of Metro. Bank*, 884 F.2d 1304, 1309 n. 4 (9th Cir.1989); *RTC v. Krantz*, 757 F.Supp. 915 (N.D.Ill.1991), the RTC argues that here the state limitations period was tolled by the doctrines of equitable estoppel and adverse domination and, therefore, the federal action was timely. We agree.

With respect to the RTC's estoppel argument, under Kansas law equitable considerations have been applied to toll the running of general statutes of limitation in appropriate cases. *See, e.g., Coffey v. Stephens*, 3 Kan.App.2d 596, 599 P.2d 310 (1979). Equitable estoppel results from a person's voluntary conduct which precludes him or her, both at law and in equity, from asserting rights against another person relying on such conduct. *Turon State Bank v. Bozarth*, 235 Kan. 786, 789, 684 P.2d 419 (1984). In order to assert equitable estoppel, a party must show that another party, by its acts, representations, admissions, or silence when it had a duty to speak, induced it to believe certain facts existed. "It must also show it rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts." *Id.* The rationale behind this general rule is that

> one cannot justly or equitably lull his adversary into a false sense of security and thereby cause his adversary to subject his claim to the bar of the statute and then be permitted to plead the very

delay caused by his course as a defense to the action when brought ...

*Safeway Stores, Inc. v. Wilson*, 190 Kan. 7, 13, 372 P.2d 551 (1962).

Here, it is undisputed that throughout the period prior to FSLIC's appointment as conservator and as late as May 17, 1988, IFC represented to regulatory authorities that it intended to repay the dividend.[3] Under these circumstances, the court concludes that this case is appropriate for application of the doctrine of equitable tolling. Accordingly, since the three-year state limitations period was tolled until at least May 17, 1988, the period had not expired when the FSLIC was appointed as conservator on February 28, 1989.

The court also agrees with the RTC that the Kansas limitation period was tolled by virtue of the doctrine of adverse domination, "[a]n equitable vehicle under federal common law for tolling the statute of limitations," *Farmers & Merchants Nat'l Bank v. Bryan*, 902 F.2d 1520, 1522 (10th Cir.1990) (citations omitted). This doctrine operates to toll the limitations period when a controlling majority of the board of directors are culpable and, because of their numerical domination, prevent the corporation from pursuing its rights. Under this doctrine

> [A]s long as a bank is dominated by the same wrongdoers against whom a cause of action exists, the statute of limitations is tolled. The rationale behind this theory is that the wrongdoers cannot be expected to bring an action against themselves. Only when a new entity takes control of the bank, be it a receiver or a new board of directors, can suit against the wrongdoers be brought as a practical matter.

*FDIC v. Hudson*, 673 F.Supp. 1039, 1042 (D.Kan.1987). *Accord FDIC v. Howse*, 736 F.Supp. 1437 (S.D.Tex.1990). Here, it is uncontroverted that until October 13, 1987, four of the board of directors of Valley simultaneously served as directors of IFC,

---

**3.** Specifically, Joe Abbey, Chairman of the Board of IFC, wrote to Valley's Chairman of the Board in January 1988, stating IFC was in the process of borrowing sufficient funds to repay the dividend, and on May 17, 1988, Daniel A. Zimmerman, IFC's president, stated in a letter to the Federal Home Loan Bank Board that, despite a delay, IFC intended to complete repayment of the dividend on the date stipulated by the Board.

comprising at least 50 percent of the board membership.[4] Therefore, only after October 13, 1987, would it have been possible for the non-IFC members of Valley's board of directors to bring an action against IFC to recover the dividend. Under these circumstances, the court holds that the three-year state statute of limitations was tolled at least until October 13, 1987, and therefore, had not expired when the FSLIC was appointed as conservator on February 28, 1989.

In sum, because the RTC's Count IV claim for recovery of the dividend from IFC was not barred by the Kansas statute of limitations as of the date the FSLIC was appointed conservator, the claim accrued on that date, or February 28, 1989. Since, pursuant to the FIRREA statute of limitations, 12 U.S.C. § 1821(d)(14), as amended by FIRREA 212(d)(14), the conservator then had three years from that date to file a tort action and six years to initiate an action in contract, the amended complaint including Count IV filed October 2, 1990, was well within the statutory limitations period and was, therefore, timely filed.

■ Next, IFC argues weakly that summary judgment is inappropriate since material issues of facts remain with respect to whether the dividend at issue conformed with terms imposed by the regulatory authority in conjunction with defendant's acquisition of Valley, specifically that a dividend be less than 50% of the subsidiary's income for 1985. The court rejects this argument since, clearly, compliance with one isolated requirement imposed by federal regulators would not excuse Valley's obligation to comply with the federal notice provision at issue in this case.

■ Finally, the court rejects IFC's argument that because 12 C.F.R. § 584.5 imposes the duty to provide notice upon the institution declaring the dividend, in this case, Valley, and not upon IFC, IFC is entitled to retain the dividend. This argument completely ignores that portion of the regulation which provides "any dividend

declared ... without first giving notice required hereunder is invalid and confers no rights or benefits upon any holder of such stock." As the RTC argues, one purpose of the federal regulation is to prevent bank holding companies from stripping a wholly owned subsidiary of assets through vehicles such as the declaration of dividends. To discourage such activities, 12 C.F.R. § 584.5 provides regulators with an opportunity to review each declared dividend prior to its transfer out of the subsidiary. Allowing the holding company to retain an illegal dividend would undermine this policy and frustrate the broad purposes of the FIRREA to "strengthen the enforcement powers of Federal regulators of depository institutions" and "strengthen the civil sanctions and criminal penalties for defrauding or otherwise damaging depository institutions and their depositors." FIRREA § 101(9) and (10).

In conclusion, the court finds that 12 C.F.R. 584.5 is unambiguous. IFC admits that Valley declared a dividend on January 14, 1986, and further admits that $304,-472.00 was transferred to IFC. Since, pursuant to 12 C.F.R. §§ 584.5 and 584.10(b), any dividend declared in violation of the notice requirement is "invalid and confers no right or benefits upon any holder of such stock," and since IFC has raised no genuine issues of material fact to controvert the violation of the notice provisions of the regulation, the court grants the RTC's motion for partial summary judgment on Count IV of the complaint.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment on Count IV of the complaint (Doc. # 16) is granted.

---

**4.** The court further notes that all but one of the Valley directors were shareholders of IFC at the time the dividend was declared.