FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

SHRADER & YORK, et al., Defendants.

Civ. A. No. H–91–1372.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 5, 1991.

**534**

David F. Webb, Lorance & Thompson, Houston, Steven K. DeWolf, Dallas, for plaintiff.

Eugene B. Wilshire, Jr., Wilshire, Scott Halbach & Dyer, Houston, for defendants Shrader & York, William York, William Shrader, Paul Clote, Gary Grote and Eldon Hinds.

Frank G. Jones, Fulbright & Jaworski, Houston, for defendant Lee Henkel, III.

John Oberdorfer, Patton, Boggs & Blow, Washington, D.C., for defendant Douglas A. Paisley, III.

## ORDER

NORMAN W. BLACK, District Judge.

Pending before the Court is Defendants' Motion for Summary Judgment, or, to Dismiss for Failure to State a Claim for which the Court can Grant Relief.

On May 17, 1991, the FDIC brought a legal malpractice lawsuit against Shrader & York. The FDIC's claims are based on the law firm's alleged negligence in failing to advise two savings and loan associations, City Savings and Loan Association ("City") and Lamar Savings Association ("Lamar"), to obtain regulatory approval for certain business transactions. Defendants make four arguments in support of their motion for summary judgment: (1) the applicable statute of limitations had run at the time the FDIC acquired the claims; (2) the shareholders of City and Lamar, on whose behalf the FDIC has filed suit, lack standing to sue Shrader & York for legal malpractice; (3) the individually named Defendants were not partners in the law firm at the time of the alleged acts of malpractice; (4) the FDIC has not shown that the law firm's alleged act of malpractice proximately caused damage to the shareholders.

Summary judgment is authorized if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The United States Supreme Court has interpreted this rule to mandate the entry of summary judgment after an adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff's claims are based on the following four transactions: City's acquisition of Realty Development Company in 1983; Lamar's acquisition of Brazos Savings Association in 1983; Lamar's acquisition of stock in CTC Corporation in 1985; and the purchase of Stone Oak property in 1985. Defendants argue in support of their motion for summary judgment that the applicable two year statute of limitations had run at the time the FDIC took over City and Lamar and acquired the claims. Defendants cite *Gleasman v. Jones, Day, Reavis & Pogue,* 933 F.2d 1277 (5th Cir.1991) in support of their argument that the alleged causes of action accrued when City and Lamar knew or should have discovered by reasonable investigation either: a) the financial losses allegedly resulting from the transactions or b) the existence of acts of malpractice. *Gleasman,* at 1278.

In Plaintiff's original petition, the FDIC states that Defendant Stanley E. Adams acted as the "driving force" behind the transactions at issue in the case. Adams

was a Director of Lamar from January 1, 1980 through December 19, 1985 and served as Lamar's Chairman of the Board and Chief Executive Officer during that time. Further, Adams was Vice President of City during the period in question and acquired 100% of the stock of City in 1985. In light of Adams' significant control over the activities of City and Lamar, the Court finds that the corporations had knowledge of Shrader & York's alleged acts of malpractice in 1983 and 1985.

■ In response to Defendants' argument, Plaintiff asserts that the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA") preempts the Texas statute of limitations and acts to "revive" the FDIC's claims against the law firm. Plaintiff contends that pursuant to FIRREA the FDIC had three years from the time it acquired the institutions to bring the lawsuit. Plaintiff also asserts that even if the Court fails to apply the FIRREA timetable, the statute of limitations in this lawsuit is tolled based on the "adverse domination" principle.

■ The Court finds that Plaintiff has failed to present any legal authority to support the notion that FIRREA "revives" barred claims. In the absence of such authority, the Court declines Plaintiff's invitation to adopt a rule whereby the FDIC's acquisition of a failed institution would revive a claim even though it might be 20 or 30 years old. Regarding the "adverse domination" theory, the Court is of the opinion that Plaintiff has failed to show that the doctrine has bearing in this case. In shareholder derivative suits against officers or directors of a corporation, courts toll the applicable statute of limitations when the shareholders failed to gain knowledge of wrongdoing because the corporation was "adversely dominated," or controlled by the perpetrators of the wrongdoing. In the case at hand, in which the shareholders are suing a third party law firm, the Court sees no justification for applying the "adverse domination" theory to toll the applicable statute of limitations.

■ Defendants also contend that the Court should dismiss Plaintiff's claims because the shareholders of Lamar and City lack standing to sue the third party law firm for malpractice. The Court agrees. The shareholders do have standing to assert a derivative claim against the officers or directors for failing to sue the law firm at the time of the alleged acts. Further, the Court agrees that Plaintiffs have failed to show that the alleged acts of malpractice proximately caused the financial loss complained of by Plaintiff. The Fifth Circuit has held that "causing a party to enter a transaction that loses money does not make the procuring party liable for the transactional loss. *Huddleston v. Herman & MacLean*, 640 F.2d 534, 555 (5th Cir.1981), *aff'd in part, rev'd in part on other grounds*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). In the absence of such summary judgment evidence, the Court finds that Plaintiff's claims lack merit.

For the reasons stated above, it is hereby ORDERED that Defendants' motion for summary judgment (entry # 15) is GRANTED. It is further

■ ORDERED that Defendants' supplemental motion in favor of Clote, Hinds, and Grote (entry # 16) is GRANTED. The evidence before the Court shows that these individuals were not yet partners of Shrader & York at the time of the transactions at issue in this lawsuit. In Texas, "an incoming partner is not personally liable for obligations existing at the time of entry into the partnership." *Miller v. Doughty*, 520 S.W.2d 586, 590 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). Thus, Defendants Clote, Grote, and Hinds are liable only to the extent of their interests in the partnership. It is further

ORDERED that Defendant Paisley's motion for summary judgment (entry # 34) is GRANTED. After an ample amount of time to conduct discovery, Plaintiff has failed to present evidence to raise a fact question concerning Paisley's participation in the firm at the time of the transactions. It is further

ORDERED that motion to strike (entry # 14) is DENIED.