The RESOLUTION TRUST
CORPORATION,
Plaintiff,

v.

Michael R. GARDNER, Defendant.

Civ. A. No. 91–2226.

United States District Court,
District of Columbia.

March 25, 1992.

Stephen K. White, Morrison & Hecker, Washington, D.C., and Jeffrey J. Goulder, Morrison & Hecker, Phoenix, Ariz., for plaintiff.

Andrew L. Lipps, W. Anthony Fitch and Rebecca Lippman, Swidler & Berlin, Chartered, Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is the defendant's Motion to Dismiss those claims in Counts I, II, and III of the Complaint that arise from transactions which occurred in 1985 as barred by the applicable statute of limitations, and to dismiss Count II in its entirety for failure to state a claim upon which relief may be granted. The Court has carefully considered the submissions of the parties, the arguments of counsel, the applicable law, and the entire record herein. For the reasons set forth below, the Court shall deny the defendant's motion to dismiss.

### I. *Background*

The Resolution Trust Corporation ("RTC"), in its corporate capacity, brings this action against the defendant, an attorney who, it is alleged, received improper payments from Lincoln Savings & Loan Association ("Old Lincoln") and its subsidiary, Lincoln Communications ("LinCom"), at the direction of Charles H. Keating, Jr. In particular, the RTC points to seven payments between May 3, 1985 and December 4, 1986, which total $1.5 million.[1] Complaint at 4–5. The RTC alleges that the defendant received these payments independently from the payments received for legal services by the law firm at which he was a partner, and that neither the defendant personally, nor his professional corporation "performed any services for Old Lincoln or LinCom warranting these fees". Complaint ¶ 12. The plaintiff asserts claims of unjust enrichment (Count I), breach of fiduciary duty (Count II), and aiding and abetting breach of fiduciary duty (Count III).

The defendant argues that the statute of limitations has expired on all claims arising from the 1985 payments (which total one million dollars). In addition, the defendant argues that Count II, the breach of fiduciary duty claim, should be dismissed in its entirety for failure to allege the elements of a cause of action under District of Columbia law.

### II. *Analysis*

A motion to dismiss may be granted only when the moving party has shown "beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover, a complaint must be liberally construed, granting the complainant "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States,* 617 F.2d 605, 608 (D.C.Cir.1979) (quoting *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969)). A claim will not be dismissed under Fed. R.Civ.Proc. 12(b)(6) merely because it does not allege with specificity every element of a cause of action, if it contains allegations from which an inference may be drawn that evidence on the essential elements will be produced. *St. Joseph's Hospital, Inc. v. Hospital Corporation of America,* 795 F.2d 948, 954 (11th Cir.1986), citing C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1216, at 604.

#### A. Statute of Limitations

Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), the RTC may assert

---

1. There allegedly were seven payments consisting of the following amounts: May 3, 1985: $100,000; June 26, 1985: $250,000; August 16, 1985: $250,000; September 18, 1985: $200,000; November 18, 1985: $200,000; November 24, 1986: $250,000; December 4, 1986: $250,000. Complaint ¶ 11.

claims acquired from the financial institutions for which it is appointed receiver or conservator. FIRREA prescribes the applicable statute of limitations for these claims as:

> (ii) in the case of any tort claim, the longer of—
> (I) the 3–year period beginning on the date the claim accrues; or
> (II) the period applicable under state law.

12 U.S.C. § 1821(d)(14)(A). A cause of action "accrues" within the meaning of the statute as follows:

> For purposes of subparagraph (A), the date on which the statute of limitation begins to run on any claim described in such subparagraph shall be the later of—
> (i) the date of the appointment of the Corporation as conservator or receiver; or
> (ii) the date on which the cause of action accrues.

12 U.S.C. § 1821(d)(14)(B).

The RTC's predecessor, the Federal Savings & Loan Insurance Corporation ("FSLIC") was appointed conservator for Old Lincoln on April 14, 1989. Complaint ¶ 2. The RTC was substituted as receiver on March 8, 1991. Complaint ¶ 3. Under District of Columbia law, the statute of limitations for this action is three years. *See* D.C.Code § 12–301(8). Under D.C. law then, the claims as to the 1985 payments would have expired in 1988 unless under the provisions of FIRREA cited above, the appointment of the FSLIC as conservator or RTC as receiver revived the claims, or unless the plaintiff has alleged a continuing tort or grounds for equitable tolling.

The plaintiff contends that FIRREA revives expired causes of actions. However, the Court does not believe that this is a correct statement of the law. The plaintiff has cited no cases to support this proposition, and the Court has found none. Revival of expired claims is disfavored. *See Guaranty Trust Co. v. United States,* 304 U.S. 126, 141–42, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938) (holding that if a claim acquired by the federal government was barred prior to being assigned to the government, it

could not be revived solely because of the government's acquisition thereof). *See also FDIC v. Hinkson,* 848 F.2d 432, 434 (3rd Cir.1988) (if a state statute of limitations has expired before the government acquires the claim, transfer to a federal agency does not revive it). Moreover, several district courts have found that FIRREA does not revive stale claims. *See, e.g., RTC v. Krantz,* 757 F.Supp. 915, 921 (N.D.Ill.1991); *RTC v. Interstate Fed. Corp.,* 762 F.Supp. 905, 909 (D.Kan.1991); *FDIC v. Howse,* 736 F.Supp. 1437, 1444 (S.D.Tex.1990); *FDIC v. Shrader & York,* 777 F.Supp. 533, 535 (S.D.Tex.1991); *FDIC v. Cherry, Bekaert & Holland,* 742 F.Supp. 612, 617 (M.D.Fla.1990). This Court follows the weight of authority on the issue, and finds that the plaintiff's 1985 claims were not revived after they expired in 1985.

This finding does not end the inquiry, however. The plaintiff also argues that equitable tolling and the doctrine of continuing tort are applicable here. While the defendant disputes this contention, the Court finds that the determination of whether these doctrines apply here will turn on factual questions which are premature in a motion to dismiss.

When " 'a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases.' " *Page v. United States,* 729 F.2d 818, 821 (D.C.Cir. 1984), (citing *Donaldson v. O'Connor,* 493 F.2d 507, 529 (5th Cir.1974), *vacated on other grounds,* 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975)). This doctrine is invoked because usually no "single incident in a continuous chain of tortious activity" is the cause of significant harm, and because a party should not be permitted to continue tortious conduct. *Page* at 821–22.

The defendant argues that the doctrine of continuing tort is not applicable here because each payment comprised a discrete event and allegedly caused significant harm. *See Filloramo v. Johnston, Lemon & Co., Inc.,* 700 F.Supp. 572, 575–76 (D.D.C.1988); *Perkins v. Nash,* 697 F.Supp. 527, 533 (D.D.C.1988); *Woodruff v. McConkey,* 524 A.2d 722 (D.C.1987). The

plaintiff counters that these cases are distinguishable from the present case, because in this case the discrete payments are not tied to a specific, discrete event, but rather, were a "by-product of the continued course of action undertaken by Gardner and Keating that embodies the cause of action." Pl.'s Opp. at 13. Indeed, the complaint alleges a "continuous stream of improper conduct" and states that "[n]ot even Gardner knew when the payments would begin or end, what the amount of the checks would be, or what the total amount paid to Gardner would be." Complaint ¶¶ 11, 13. Based upon these allegations, it is premature to conclude that the plaintiff will be unable to marshal facts which would show a continuing tort here. Viewing the facts in the light most favorable to the plaintiff, the Court cannot conclude as a matter of law, at this juncture, that the continuing tort doctrine is inapplicable.[2]

■ Similarly, the Court will not conclude at this time that equitable tolling, under the adverse domination theory propounded by the plaintiff or otherwise, will be inappropriate. The plaintiff may be able to provide evidence of factual circumstances which will warrant tolling of the statute of limitations, because a cause of action does not accrue under District of Columbia law until the time when the plaintiff both should have known of the defendant's actions and suffered actual injury. *See Farmer v. Mount Vernon Realty, Inc.,* 720 F.Supp. 223, 224 (D.D.C.1989). As the Court of Appeals has stated:

> There is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense. Although it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense. The filing of an answer, raising the statute of limitations, allows both parties to make a record adequate to measure the applicability of such a de-

fense, to the benefit of both the trial court and any reviewing tribunal.

*Richards v. Mileski,* 662 F.2d 65, 73 (D.C.Cir.1981). The Court believes that the plaintiff is entitled to make a record here on whether the statute of limitations defense properly applies to the 1985 claims.

For all of the above reasons, the Court will not dismiss the 1985 claims pursuant to the statute of limitations at this time.

**B. Count II: Breach of Fiduciary Duty**

■ In Count II of the Complaint, the plaintiff alleges that the defendant, as attorney for Old Lincoln and LinCom, owed a fiduciary duty to "refrain from accepting gratuitous payment from clients which conferred no benefit these clients [sic]." Complaint ¶ 19. The Complaint further alleges that the defendant breached this duty by accepting checks payable to himself and his personal corporation from these entities, for which no benefit was received by these entities, which damaged Old Lincoln and LinCom by the principal amount of $1.5 million, plus interest. Complaint ¶¶ 20–21.

The defendant argues that there is no fiduciary duty in the District of Columbia which meets the description in the Complaint. In effect, the defendant contends that because District of Columbia courts have provided no guidance regarding the standards defining an attorney's fiduciary duties, this Court should not find a violation here. *See Financial Gen. Bankshares, Inc. v. Metzger,* 680 F.2d 768, 769 (D.C.Cir.1982); *Avianca, Inc. v. Corriea,* 705 F.Supp. 666, 679 (D.D.C.1989).

The defendant is correct that there is little law defining an attorney's fiduciary duties in this jurisdiction. However, the absence of case law does not, and could not mean that District of Columbia attorneys do not owe fiduciary duties to their clients. Rather, this Court agrees with the conclusion of at least two other judges in this district that:

---

**2.** The Court observes that the *Filloramo, Perkins,* and *Woodruff* cases relied upon by the defendant were decided upon motions for summary judgment, when evidence had been presented to the deciding court on the facts underlying the

claims at issue. Here, there is no evidence regarding the underlying claims to assist the Court in its characterization of the claims at issue.

The Disciplinary Rules (DR) of the American Bar Association's Code of Professional Responsibility, which have been adopted by both the District of Columbia Court of Appeals and the United States District Court for the District of Columbia ... while not strictly providing a basis for a civil action, nonetheless may be considered to define the minimum level of professional conduct required of an attorney, such that a violation of one of the DRs is conclusive evidence of the breach of the attorney's common law fiduciary obligations.

*Avianca, Inc. v. Corriea,* 705 F.Supp. 666, 679 (D.D.C.1989) (Lamberth, J.) (adopting reasoning set forth in *Financial Gen. Bankshares, Inc. v. Metzger,* 523 F.Supp. 744, 762–63 (D.D.C.1981) (Gasch, J.) *vacated on other grounds* 680 F.2d 768, 769 (D.C.Cir.1982). This Court shall rely upon the Disciplinary Rules contained in the District of Columbia Code of Professional Responsibility, which mirrors the American Bar Association's Model Code with certain amendments.

Thus the Court finds that if the plaintiff has alleged facts indicating a possible violation of one of the Disciplinary Rules, then the plaintiff has stated a claim for breach of fiduciary duty.[3] The plaintiff has done so. For example, there is a rule governing legal fees, which states that "A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." DR 2–106(A). The defendant's alleged receipt of payments from his client, if the plaintiff is correct that no benefit, or little benefit was received by the client in return, may be construed as the collection of an excessive fee. Alternatively, the plaintiff may establish facts which support a violation of other Disciplinary Rules consistent with the allegations in Count II.

The defendant also argues that Count II should be dismissed because the only damage that is alleged is amount of the "fee" paid to the defendant. *See* Complaint ¶ 26. Under the Court of Appeals' decision in *Financial Gen. Bankshares,* defendant argues, this is an inappropriate remedy. The defendant misreads the case. In *Financial Gen. Bankshares,* the Court of Appeals noted that it knew of no cases

which award a monetary remedy to a client for an attorney's breach of fiduciary duty in the absence of proven pecuniary loss to the client or proven financial gain to the attorney. On the other hand the District of Columbia courts have not foreclosed the possibility that, in an appropriate case, disgorgement of fees might be the appropriate remedy.

680 F.2d at 772.

Here, the plaintiff alleges loss to the client and financial gain to the attorney in the amount of the fees, because the plaintiff asserts that the fees should never have been paid. Therefore, there are sufficient allegations of "pecuniary loss to the client" and "financial gain to the attorney" to make a monetary remedy appropriate. Moreover, the passage cited is dicta in the opinion, in which the Court of Appeals declined to reach the merits of the fiduciary duty claim. *Id.*

Whether the plaintiff will be able to prove facts sufficient to support its allegations under Count II remains to be seen. However, the Court finds that the plaintiff has sustained its burden of alleging facts upon which a claim for relief could stand.

## C. Defendant's Motion to Compel

Also before the Court is the Defendant's Motion to Compel Production of Documents. Since that motion was filed, the parties entered into a stipulation governing access to documents which, according to

---

**3.** The decision of the Court of Appeals in *Financial Gen. Bankshares, Inc., supra.,* is not to the contrary. There, the Court of Appeals held that the district court should not have retained pendent jurisdiction over the state law breach of fiduciary duty claims after it dismissed the federal claims in the action, because the local law was unsettled. 680 F.2d at 772. In this case, by contrast, this Court has original jurisdiction over the breach of fiduciary duty claim by virtue of the RTC's status as plaintiff. *See* 12 U.S.C. § 1441a(*l*)(1). Therefore the Circuit Court opinion in *Financial Gen. Bankshares, Inc.,* which did not reach the merits of the fiduciary duty issue, is inapplicable.

the plaintiff, moots the motion to compel. The defendant has not disputed the contention that the stipulation renders moot the motion to compel. Accordingly, the Court shall dismiss the motion as moot.

III. *Conclusion*

For all of the reasons previously stated herein, the Court shall deny the defendant's Motion to Dismiss, and shall dismiss the defendant's Motion to Compel as moot.