**RESOLUTION TRUST CORPORATION, as Receiver for Universal Savings and Universal Federal Savings Association**

v.

**BOYAR, NORTON & BLAIR, A Professional Corporation.**

**Civ. A. No. H–92–739.**

United States District Court, S.D. Texas, Houston Division.

July 31, 1992.

William M. Schultz, Mark A. Huvard, Houston, Tex., for Resolution Trust Corp. as Receiver for Universal Sav. Ass'n.

Eugene B. Wilshire, Jr., Houston, Tex., for Boyar Norton & Blair, Carl Norton, Graham K. Blair, Michael K. Kuhn, J. William Boyer, III, Richard M. Roberson, Larry E. Jacobs, Charles Peissel.

## ORDER OF DISMISSAL

HARMON, District Judge.

Pending before the Court is the Memorandum of Recommendation Granting Defendants' Motion to Dismiss (Document # 24) and the RTC's Objections to Magistrate Stacy's Memorandum of Recommendation Granting Defendants' Motion to Dismiss (Document # 25). Having considered the Memorandum of Recommendation of Magistrate Judge Frances Stacy and the objections of the Resolution Trust Corporation, the Court is of the opinion that the Memorandum of Recommendation submitted by Magistrate Judge Stacy should be affirmed and that the Resolution Trust Corporation's objections to such Memorandum and Order should be overruled. It is

ORDERED that the Memorandum of Recommendation Granting Defendants' Motion to Dismiss is hereby AFFIRMED. It is further

ORDERED that the RTC's Objections to Magistrate Stacy's Memorandum of Recommendation Granting Defendants' Motion to Dismiss is hereby OVERRULED. It is further

ORDERED that the Resolution Trust Corporation's claims against the Defendant Boyar, Norton & Blair and all individual defendants are DISMISSED. It is further

ORDERED that the defendants recover from the plaintiff their costs of court.

## MEMORANDUM AND RECOMMENDA-TION GRANTING DEFENDANTS' MOTION TO DISMISS

STACY, United States Magistrate Judge.

Pending before this court is Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted (Instrument # 12), filed on April 24, 1992. On May 20, 1992, United States District Judge Melinda Harmon referred this case to United States Magistrate Judge Frances Stacy pursuant to 28 U.S.C. § 636(b)(1) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act.

After considering the motion, submissions of the parties, and applicable law, the Magistrate Judge RECOMMENDS that the motion to dismiss be GRANTED.

## I. STATEMENT OF FACTS

On March 5, 1992, the Resolution Trust Corporation ("RTC"), as Receiver for Universal Savings Association ("Universal") and Universal Federal Savings Association ("UFSA"), filed a complaint against Boyar, Norton and Blair and individual Defendants (collectively "Defendants") alleging legal malpractice in connection with rendering legal services to Universal on two loan transactions which occurred in July and October, 1984. The RTC brings suit pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 as amended ("FIRREA"); 12 U.S.C. §§ 1441a(b)(3)(A) and 1441a(b)(3)(C); 12 U.S.C. § 1821(d) (West Supp.1991); Pub.L. 101–73 § 101(7); 103 Stat. 188 (Aug. 9, 1989).

The first transaction, which the RTC calls the "Lakeside" transaction, involved an alleged "inflated land flip" in which Universal funded a purchase of property at almost twice its original sales price. In the "Nassau Bay" transaction Universal disbursed funds to a borrower to purchase the same tract of land twice.

Defendants have moved pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss this action on the grounds that the claims are barred by the applicable statute of limitations. The Motion to Dismiss is timely because in their Original Answer, Defendants raised the affirmative defense that the RTC failed to state a claim upon which relief can be granted. *See* Original Answer of Norton & Blair, P.C. paragraph 2.1.

## II. RTC'S MALPRACTICE CLAIMS ARE BARRED BY THE CONTROLLING STATUTE OF LIMITATIONS

### A. TEXAS LAW PROVIDES THE APPLICABLE LIMITATIONS PERIOD

■ Under Texas law an action for legal malpractice sounds in tort, thus the limitations period is two years from the date the cause of action accrues. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). *See Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). The issue in this case is whether FIRREA, which provides the applicable federal limitations period for lawsuits brought by the RTC, "revives" claims which are time-barred under state law.

Plaintiff RTC argues that the statute of limitations provided in 12 U.S.C. § 1821(d)(14) governs any claim brought by the RTC on behalf of a failed institution, whether or not the state limitations period had expired when the RTC acquired the claim. This Court held otherwise in *FDIC v. Shrader & York,* 777 F.Supp. 533 (S.D.Tex.1991). "[T]he Court declines Plaintiff's invitation to adopt a rule whereby the FDIC's acquisition of a failed institution would revive a claim even though it might be 20 or 30 years old" *Shrader & York,* 777 F.Supp. at 535. The *Shrader* Court based its holding on the fact that the Plaintiff had failed to present any legal authority to support its "revival" argument.

■ In cases where an agency of the United States acquires a claim from a private party, this Court must apply a two-step analysis to resolve the statute of limi-

tations defense. *FDIC v. Howse*, 736 F.Supp. 1437, 1440 (S.D.Tex.1990). First, the Court must determine whether the claim was already time barred under the Texas statute of limitations at the time it was acquired by the RTC or the FDIC. Only if the claim was still viable on that date should the Court then determine whether the applicable federal limitations period had expired before the date on which the agency filed suit.

■ Pre-FIRREA case law as well as persuasive authority from other districts is consistent with the holding in *Shrader*. Analogous pre-FIRREA cases, addressing this issue under the general federal limitations statute, 28 U.S.C. § 2415, consistently imply that governmental acquisition of a claim cannot revive a cause of action already prescribed under state law. *see FDIC v. Hinkson*, 848 F.2d 432, 434–35 (3rd Cir.1988) ("Because the claim had not been barred by state law at the time of assignment to the FDIC, the federal statute of limitations applies here"); *United States v. McReynolds*, 628 F.Supp. 76, 78 n. 3 (N.D.Miss.1986) ("Where the government acquires a derivative claim ... and that claim is not then time barred by the state statute of limitations, the state statute ceases to run ..."); *FDIC v. Former Officers and Directors of Metropolitan Bank*, 884 F.2d 1304, 1309 n. 4 (9th Cir.1989) ("[C]laim is not revived by transfer to a federal agency"); *see also Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 142, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938); *United States v. Sellers*, 487 F.2d 1268, 1269 (5th Cir.1973).

Likewise, other districts which have addressed the issue under FIRREA have held that the federal limitations provisions apply only to claims that were still viable at the time of acquisition. *see RTC v. International Insurance Co.*, 770 F.Supp. 300, 304 (E.D.La.1991) ("[C]ause of action ... is not revived by virtue of the [limitations] statute if the cause of action had already expired under state law by the time the government acquired the cause of action"); *FDIC v. Schoenberger*, 781 F.Supp. 1155, 1158 (E.D.La.1992) ("[T]ransfer of a cause

of action to the FDIC cannot revive a claim that already expired under the state prescription period."); *RTC v. Krantz*, 757 F.Supp. 915, 921 (N.D.Ill.1991) ("[I]f the applicable state limitations period expires before the FDIC acquires the claim, such claims cannot be revived by a transfer to a federal agency"); *see also FDIC v. Belli*, 769 F.Supp. 969, 973 (S.D.Miss.1991); *RTC v. Interstate Federal Corp.*, 762 F.Supp. 905, 908 (D.Kan.1991); *FDIC v. Cherry, Bekaert & Holland*, 742 F.Supp. 612, 617 (M.D.Fla.1990).

The transactions which form the basis of this lawsuit took place in July and October, 1984. Thus, the applicable Texas limitations period of two years had already expired when the FSLIC (predecessor to the RTC) was appointed conservator of Universal in July, 1989. Therefore, the Texas limitations period, not the federal statute of limitations, is the controlling law.

## B. THE DISCOVERY RULE IS NOT A PROPER DEFENSE

■ Under Texas law, the discovery rule governs legal malpractice cases, providing that limitations runs from the date the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the facts establishing the elements of the cause of action. *Willis*, 760 S.W.2d 642, 644 (Tex.1988).

■ Although the statute of limitations is an affirmative defense, in which the defendant has the initial burden of proof, Texas cases indicate that the plaintiff, as the party seeking to benefit from the discovery rule, has the burden to plead and prove facts in order to avoid a limitations bar. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex.1988); *Smith v. McKinney*, 792 S.W.2d 740, 742 (Tex.App.—Houston [14th Dist.] 1990). Therefore under Texas law, RTC's failure to plead facts demonstrating the applicability of the discovery rule constitutes a waiver of the discovery rule as a defense. Moreover, since the pleadings clearly show that the claims are barred by limitations, it is logical to require the plaintiff to state a legally sufficient reason for tolling the

statute of limitations. *See Gee v. CBS, Inc.,* 471 F.Supp. 600, 635 (E.D.Pa.1979); *Salveson v. Western States Bankcard Assoc.,* 525 F.Supp. 566, 584 (N.D.Ca.1981). For these reasons, Defendants contend that the RTC's failure to plead facts illustrating the tolling of limitations mandates the dismissal of its claims. *See* Brief in Support of Defendants' Motion to Dismiss, paragraphs 4.4–4.8.

While the state statute of limitations as a bar to recovery is a matter of state substantive law, the manner by which it is established is a matter of procedure and federal principles control. *J.M. Blythe Motor Lines Corp. v. Blalock,* 310 F.2d 77, 78 (5th Cir.1962). Thus Rule 8 of the Federal Rules of Civil Procedure governs the pleading requirements of a case in federal court, and the plaintiff need only plead sufficient facts to put the defense on notice of the theories on which the complaint is based. *Simpson v. James,* 903 F.2d 372, 375 (5th Cir.1990). However, federal courts should take judicial notice of the public laws of each state and look to the state courts' treatment of the situation at hand. *J.M. Blythe,* 310 F.2d at 78 (following Florida principles).

In *Washington v. Allstate Ins. Co.* the 5th Circuit Court of Appeals followed Louisiana principles in placing the burden on the plaintiff to plead the discovery rule. "When a petition shows on its face that the prescriptive period has run, the burden is on the plaintiff to prove interruption of the prescriptive period." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1287 (5th Cir.1990) (citing Louisiana law). Likewise, it is RECOMMENDED that this court follow Texas case law which places that burden on the plaintiff. Since the RTC failed to plead facts showing that it could not have discovered, in the exercise of reasonable care and diligence, the facts establishing the elements of this cause of action, the discovery rule is not a proper defense to a limitations bar.

**C. THE LIMITATIONS PERIOD IS NOT TOLLED BY THE CHARTER TITLE CASE**

■ Under Texas law, when a client's cause of action for malpractice arises during an attorney's prosecution or defense of a claim which results in litigation, limitations on the malpractice claim are tolled until all appeals on the underlying claim are exhausted. The RTC argues that this Court should apply this tolling rule, set forth in *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154, 157 (Tex.1991) (holding that limitations on malpractice claim against attorney representing adoptive parents in termination of parental rights action against biological mother were tolled until all appeals were exhausted in the underlying termination suit). However, the "underlying claim" which RTC contends tolls limitations in the instant case does not fall within the scope of the *Hughes* rule.

In *RTC v. Charter Title Co.,* et al., filed under Civil Action No. 88–1760, RTC as Receiver sued several officers and directors of Universal to recover losses suffered as a result of those Defendants' actions. The Defendants in that case were involved in the two transactions which form the basis of the case at bar.

The *Hughes* court expressly stated its rationale as protecting the rights of the plaintiff who is "prevented from exercising his legal remedy by the pendency of legal proceedings" *Id.* (quoting *Walker v. Hanes,* 570 S.W.2d 534, 540 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.)). The relationship between the *Charter Title* case and the case at bar is limited to the fact that they both involve actions relating to two of the same loan transactions. The "viability" of the instant case does not "depend on the outcome of the first" *Id.*

■ The Texas Supreme Court has extended the *Hughes* rule to only two cases: *Aduddell v. Parkhill,* 821 S.W.2d 158 (Tex. 1991) (statute of limitations on malpractice claim against attorney for actions allegedly committed in the prosecution of the client's asbestos products liability claim was tolled until all appeals of the products liability claim were exhausted), and *Gulf Coast Investment Corp. v. Brown,* 821 S.W.2d 159

(Tex.1991) (limitations on malpractice claim for actions which allegedly resulted in a wrongful foreclosure action against client are tolled until wrongful foreclosure action is resolved). A claim which merely arises from the same set of facts as the instant case is not an "underlying claim" within the meaning of the *Hughes* rule.

The tolling rule set forth in *Hughes* does not apply to the *Charter Title* case, thus the statute of limitations for the malpractice case at hand began to run when the cause of action accrued, when the transactions took place in July and October, 1984.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED.

The Clerk shall file this instrument and mail a copy to all parties. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982) (en banc); *Ware v. King*, 694 F.2d 89 (5th Cir.1982); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208, and a copy shall be delivered to the Chambers of Judge Harmon, Room 9114 and to the Chambers of Judge Stacy, Room 7525.