70 F.3d 637
 315 U.S.App.D.C. 76
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
AVIANCA, INC., et al., Appellees,
v.
Barbara HARRISON, Personal Representative for the Estate of
Mark F. Corriea, Appellant.
 No. 94-7053.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 24, 1995.
Rehearing and Suggestion for Rehearing In Banc Denied Dec.
11, 1995.*
 
 Before: SILBERMAN, ROGERS and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 For substantially the reasons in the opinion of the district court in Avianca, Inc. v. Corriea, 705 F.Supp. 666 (D.D.C.1989),[1] we affirm the grant of summary judgment to appellee Avianca for breach of fiduciary duty by appellant Corriea to his client, Avianca. We clarify one point regarding the relation between the ethics rules and Corriea's breach of fiduciary duty.
 
 
 5
 The district court found that Corriea had an "on-going, continuous attorney-client relationship" with Avianca. Id. at 681. Because Avianca expected Corriea to "exercise ... his professional judgment on behalf of his client" Avianca in all of their dealings, the district court found that Corriea violated several ethics rules by entering into a business transaction with Avianca that posed a conflict of interest. D.C.CODE OF PROFESSIONAL RESPONSIBILITY DR 5-101(A), 5-105; see also id. DR 5-104.[2] Although Corriea contends that Avianca did not retain his legal services in the specific Twin Otter aircraft leasing transaction at issue, 705 F.Supp. at 680, a lawyer's duty of loyalty toward his client applies whenever the client reasonably believes that the lawyer continues to act in a fiduciary capacity. See Iowa Supreme Court Bd. of Professional Ethics & Conduct v. Sikma, 533 N.W.2d 532, 537 (Ia.1995); Committee on Professional Ethics & Conduct v. Postma, 430 N.W.2d 387, 392 (Ia.1988) (en banc) (DR 5-104(A)). Corriea stood in a fiduciary relationship toward Avianca because his extensive legal representation of Avianca could reasonably lead his client to regard him as "its lawyer." Corriea's law firm billed Avianca for almost 7,000 hours over a five-year period, or approximately 28 hours of work a week. The parties' letter of retainer called for Corriea to represent Avianca "with respect to any matter involving the acquisition or disposition of commercial aircraft." The lawyer's duty of loyalty is not "a transaction-oriented relationship" but "an ongoing relationship giving rise to a continuing duty to the client unless and until the client understands, or reasonably should understand, that the relationship is no longer to be depended on." In re Weiner, 586 P.2d 194, 197 (Ariz.1978) (en banc); see also In re Neville, 708 P.2d 1297, 1302-03 & n. 4 (Ariz.1985) (en banc). A client who reposes trust in a lawyer with whom the client has a long-standing relationship is not held to discerning the fine line when the lawyer sheds his role as attorney and becomes a businessperson.
 
 
 6
 We read the district court to hold that Corriea's violation of several DRs concerning full disclosure of conflicts of interest created a rebuttable presumption that he had breached his fiduciary duty to Avianca. The district court ruled that "[t]he Disciplinary Rules (DR) ..., while not strictly providing a basis for a civil action, nonetheless may be considered to define the minimum level of professional conduct required of an attorney, such that a violation of one of the DRs is conclusive evidence of a breach of the attorney's common law fiduciary obligations." 705 F.Supp. at 679 (emphasis added). Our conclusion that the presumption is rebuttable follows from reading the quoted sentence in conjunction with the district court's emphasis on Corriea's failure to "adduce[ ] any evidence of an affirmative, much less full, disclosure" to Avianca of his activities that posed conflicts of interest. Id. at 680. Viewing evidence of a DR violation as creating a rebuttable presumption of a violation of an attorney's fiduciary duty to his or her client is in accord with the law in the District of Columbia, inasmuch as not every violation of a DR relating to an attorney's conflicts of interest will necessarily result in a breach of fiduciary duty. See Griva v. Davidson, 637 A.2d 830, 847 (D.C.1994); Waldman v. Levine, 544 A.2d 683, 690-91 (D.C.1988); see also RTC v. Gardner, 788 F.Supp. 26, 29-30 & n. 3 (D.D.C.1992); Elliott v. Videan, 791 P.2d 639, 642 (Ariz.Ct.App.1989), review denied, 801 P.2d 426 (Ariz.1990); Fishman v. Brooks, 487 N.E.2d 1377, 1381 (Mass.1986); Lipton v. Boesky, 313 N.W.2d 163, 166-67 (Mich.Ct.App.1981); Martinson Bros. v. Hjellum, 359 N.W.2d 865, 875 (N.D.1985).
 
 
 7
 Accordingly, we affirm the judgment for Avianca.
 
 
 
 *
 Circuit Judge Wald did not participate in this order
 
 
 [1]
 As supplemented by Avianca, Inc. v. Corriea, Civ. No. 85-3277 (D.D.C. June 3, 1991) (denying a motion for reconsideration); Avianca, Inc. v. Corriea, Civ. No. 85-3277, 1992 WL 93127, 1992 U.S.Dist. LEXIS 4709 (D.D.C. Apr. 13, 1992) (granting summary judgment in part on the fraudulent misrepresentation and RICO claims); Avianca, Inc. v. Corriea, Civ. No. 85-3277, 1993 WL 797453, 1993 U.S.Dist. LEXIS 3168 (D.D.C. Mar. 16, 1993) (denying a motion for reconsideration); Avianca, Inc. v. Corriea, Civ. No. 85-3277 (D.D.C. Mar. 26, 1993) (approving the remedy of disgorgement of profits); Avianca, Inc. v. Corriea, Civ. No. 85-3277 (D.D.C. May 13, 1993) (awarding damages for the breach of fiduciary duty); Avianca, Inc. v. Corriea, Civ.No. 85-3277 (D.D.C. Feb. 22, 1994) (denying a motion to amend the final judgment)
 
 
 [2]
 The Code was adopted with modifications by the District of Columbia Court of Appeals and the United States District Court for the District of Columbia. D.C.App.Bar R. X; U.S.Dist.Ct.D.C.R. 4-3(IV)(b) (replaced in 1987 by new Rule 706(a)). The District of Columbia Court of Appeals has since adopted the American Bar Association's Rules of Professional Conduct, also with some modifications, but the Rules only came into effect in 1991 and do not apply to this case